H. MADDOX *v.* ROBT. WATSON'S ADMR., &c.

**Conflict of Laws—Amendment of Constitution.**
> Where an amendment to the Constitution of the U. S. has not been ratified by the required number of States, its provisions can have no bearing on matters arising during its process of ratification.

APPEAL FROM FULTON CIRCUIT COURT.

February 28, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

Appellant did not object to the consolidation of the suit brought by himself against the heirs of Robert Watson, with the suit of Watsons Admr. vs. His Heirs and Creditors. Nor to the order referring the consolidated cases to the master.

The master it seems heard all the proof offered by either party. Appellant did not object to the manner in which such proof was taken, nor can we perceive that he was at all prejudiced by the fact that the statements of the witnesses were in the shape of affidavits instead of depositions. The cause was several times recommitted and he might have cross examined the witnesses of appellee had he chosen to do so.

Considering all the proof in the case it is manifest that the slaves of Watson lived on the premises of appellant during the

year 1864, that they were sometimes employed by him and that he loaned to them horses and lands, and thereby encouraged them to remain away from their owner and to refuse to serve him.

The 13th amendment to the Federal Constitution had not then been ratified by the requisite number of states, and appellant must be held accountable to the owner of the slaves, for the reasonable value of their services during the time he thus disregarded the legal rights of their owner by encouraging them to remove away from him. The exception to the account for $36.65 was intended to be and was treated by all the parties, as a plea of the statute of limitations. The exception was properly sustained. The claim for $77.00 having been withdrawn, the circuit court properly rendered a judgment against appellant for the amount of the claim of Watson's Admr. for the services of the slaves, credited as it was by the amount of the note conceded to be due and unpaid.

The judgment appealed from is affirmed.

*James, for appellant.*
*Kingman, H. A. Tyler, for appellee.*